IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SHAQUILLE HOWARD, et al,

          Plaintiffs,

      v.              Case No: 2:20-cv-01389

LAURA WILLIAMS, et al,

          Defendants.

## Defendants' Answer

Now Come the Defendants by their attorneys, Assistant Allegheny County Solicitors Dennis Biondo, Jr and John A. Bacharach and file Answer to the Plaintiffs' Complaint:

1.    This paragraph is a legal conclusion that requires no response. To the extent that a response is required, the allegations of this paragraph are denied.

2.    This paragraph is a legal conclusion that requires no response. To the extent that a response is required, the allegations of this paragraph are denied.

3.    Admitted.

4.   After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph. It is admitted that the Plaintiff was an inmate at the Allegheny County Jail (ACJ) when the complaint was filed.

5.   After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph. It is admitted that the Plaintiff was an inmate at the Allegheny County Jail when the complaint was filed.

6.   It is admitted that Mr. Byrd has mental health diagnosis, but all other averments related to his mental health are denied. Mr. Byrd has engaged in multiple misconducts. It is denied that excess force has been used against him. It is denied that he has been held in solitary confinement. The ACJ does not use solitary confinement. It is denied that Byrd was held in a restraint chair for 23 hours, but it is admitted that Byrd has been placed in a restraint chair multiple time to protect himself and others from harm caused by his misconduct. As to all other allegations, after reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph.

2

7.    It is admitted that Ms. Cohen has mental health diagnosis, but all other averments related to her mental health are denied. She has engaged in multiple misconducts. It is denied that excess force has been used against her. It is denied that she has been held in solitary confinement. The ACJ does not use solitary confinement. It is admitted that she has been placed in a restraint chair to protect herself and others from harm caused by his misconduct. As to all other allegations, after reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph.

8.    It is admitted that Albert Castaphney, identified in the Complaint as Albert Castaphany, has mental health diagnosis, but all other averments related to his mental health are denied.  He has engaged in multiple misconducts. It is denied that excess force has been used against him. It is denied that he has been held in solitary confinement. The ACJ does not use solitary confinement. As to all other allegations, after reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph.

9.    Admitted.

10.    It is admitted the Ms. Williams is the Deputy Warden for Health Care Services at the ACJ, but the remaining allegations of this paragraph are legal conclusions that require no response. To the extent that a response is required, the allegations of this paragraph are denied.

11.    It is admitted the Orlando Harper is the Warden of the ACJ, but the remaining allegations of this paragraph are legal conclusions that require no response. To the extent that a response is required, the allegations of this paragraph are denied.

12.    It is admitted the Mr. Barfield the Mental Health Director at the ACJ, but the remaining allegations of this paragraph are legal conclusions that require no response. To the extent that a response is required, the allegations of this paragraph are denied.

## Answer to the Allegations of Facts

13.    After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph.

14. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph.

15. Denied. The ACJ provides mental health services for inmates that meet or exceed Constitutional and correctional health standards.

16. . Denied. The ACJ provides mental health services for inmates that meet or exceed Constitutional and correctional health standards.

17. Denied all detainees are screened at intake and again upon admission to the ACJ for mental health conditions and appropriate treatment is provided.

18. Denied all detainees are screened at intake and again upon admission to the ACJ for mental health conditions and appropriate treatment is provided.

19. This paragraph is a legal conclusion that requires no response. To the extent that a response is required, the allegations of this paragraph are denied.

20.   Denied all detainees are screened at intake and again upon admission to the ACJ for mental health conditions and appropriate treatment is provided.

21.   Denied all detainees are screened at intake and again upon admission to the ACJ for mental health conditions and appropriate treatment is provided. Whether outside medical records are needed is a medical judgment. The ACJ has no practice or policy that outside medical records may not be obtained when medically necessary.

22.   Denied. Necessary and proper privacy is provided to inmates that is consistent with correctional safety.

23.   Denied.

24.   Denied all detainees are screened at intake and again upon admission to the ACJ for mental health conditions and appropriate treatment is provided.

### Allegations That Meaningful Treatment and Counseling Are Not Provided

25.  The ACJ does not provide individual counseling for inmates.   Such services are not reasonable or necessary for a jail.

26.   The ACJ does not provide group mental health therapy. Such services are not reasonable or necessary for a jail.

27.   After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph.

28.   The ACJ provides support, but not talk therapy for inmates with mental health conditions. The services that it provides are reasonable for a jail.

29.   The average inmate is at the ACJ for months a few are there for a year or more.  How long an inmate may remain at the ACJ is unknown they may be at the ACJ for a few hours, a few days, a few months of occasionally a year or more, but there is no way the ACJ, unlike a prison, can know on any day whether any inmate will be released that day.

30.   This paragraph is a legal conclusion that requires no response. To the extent that a response is required, the allegations of this paragraph are denied.

31.   The ACJ has necessary and proper staff, even if staffing is not always ideal. The manner in which services are provided is reasonable and appropriate for a jail.

32.   After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph. By way of further response, staffing is not the reason why counseling is not provided. Moreover, psychotherapy is a broad term that typically refers to a form of talk therapy that can be performed by an individual who has the education/training/credentials to provide these services. Depending on the level of education, this could be provided by a Psychiatrist, Psychiatric Advanced Practitioner, Psychologist, Social Worker, Licensed Professional Counselor. The jail has had varying levels of individuals with these credentials at all times.

33.   Denied. staffing is not the reason why counseling is not provided.

34.   The ACJ has always had access to psychiatric services. There have been short periods of time when "full-time"

psychiatrist has not  available at the ACJ, but it has always had properly trained psychiatric professionals available and it has provided necessary and proper or superior services to inmates. The Jail has had Psychiatric Advanced Practitioners and a Physician (tele-psychiatrist). When indicated an AHN psychiatrist is  available for consult/assessment  when the clinical needs of a patient require assessment by a psychiatrist. In addition, Psychiatric Advanced Practitioners are licensed and trained to monitor, diagnose, treat/prescribe.

35.  This paragraph is a legal conclusion that requires no response. To the extent that a response is required, the allegations of this paragraph are denied.

36.  This paragraph is a legal conclusion that requires no response. To the extent that a response is required, the allegations of this paragraph are denied.

37.  Denied. The time spent with inmates and the manner in which the medical and mental health professionals  interact with inmates involves considerations of professional judgment and

correctional safety and security considerations. However, inmates are provided with necessary and proper to superior correctional health service at the ACJ.

38.   Denied. The time spent with inmates and the manner in which the medical and mental health professionals  interact with inmates involves considerations of professional judgment and correctional safety and security considerations. However, inmates are provided with necessary and proper to superior correctional health service at the ACJ.

### Alleged Medication Mismanagement

39.   This paragraph is a legal conclusion that requires no response. To the extent that a response is required, the allegations of this paragraph are denied.

40.   After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph. By way of further answer, medication at the ACJ is properly managed.

41.   Denied.  Inmates  are  observed  when  medication  is distributed, but with rare exceptions the ACJ cannot force inmates to take medication against their will.

42.   After  reasonable  investigation  the  defendants  lack sufficient  information  to  admit  or  deny  the  allegations  of  this paragraph.

43.   Denied. The ACJ makes reasonable accommodations for inmates' medication during Ramadan. The Imam who provides services to ACJ supported that inmates could continue to take all medications  without  breaking  the  fast.  The  ACJ  healthcare  and operational team work with chaplaincy to adjust the provision of services during periods of religious observation.

44.   After  reasonable  investigation  the  defendants  lack sufficient  information  to  admit  or  deny  the  allegations  of  this paragraph. By way of further answer, the Defendants are aware that there are complaints about medication. Most complaints are not valid, but some are and appropriate corrective action is taken.

## Alleged Inadequate Medical Records

45.  This paragraph is a legal conclusion that requires no response. To the extent that a response is required, the allegations of this paragraph are denied.

46.  Denied as stated. The booking form is not part of the medical record, but it is part of an inmate's electronic record. That record is available to others. Moreover, all inmates are medically and psychologically screened or examined three times before being admitted as an inmate to the ACJ.

47.  After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph.

48.  Denied. Treatment plans are part of inmate medical records.

49.  Denied. Medication records are accurate.

50.  After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph.

51.   Sick call requests are individual forms. There is no copy provided to inmates. After reasonable investigation the defendants lack sufficient information to admit or deny the other allegations of this paragraph.

## Alleged Chronic Staffing Shortages

52.   After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph.

53.   The inmate population varies, but it was  in the 2,200 range prior to Covid 19.

54.    After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph.

55.   After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph. By way of further response, the ACJ has always had necessary and proper mental health staff.

56.   The ACJ has had two psychiatrists on staff and one tele-psychiatrist. The psychiatrist position was vacant for several months because the positions could not be filled, despite the best efforts of the Defendants. But at all times necessary and proper mental health services were provided to inmates. The ACJ has one on-site psychiatrist and one tele-psychiatrist since August 2020, but the ACJ also has other qualified mental health professionals.

57.   Denied. Most psychological services are provided by professionals other than psychiatrists This is also the situation outside of a correctional setting.  At all times the ACJ has provided necessary and proper mental health care.

58.   It is admitted that on or about August 6, 2020 there were 49 health care staff vacancies. It is admitted that 49 is approximately 40% of the authorized healthcare staff. By way of further these do not equate to lack of adequate coverage on shifts, which is provided by other means, such as overtime, PRN/PT staff, and/or agency staff.

59.   Denied. By way of further response, the ACJ has always had necessary and proper mental health staff.

60.   After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph. By way of further response, the ACJ provides necessary and proper mental health care.

## Alleged Unreasonable Use of Force

61.   This paragraph is a legal conclusion that requires no response. To the extent that a response is required, the allegations of this paragraph are denied.

62.   This paragraph is a legal conclusion that requires no response. To the extent that a response is required, the allegations of this paragraph are denied.  The policy and practice of the ACJ is to use only reasonable and necessary force.

63.   This paragraph is a legal conclusion that requires no response. To the extent that a response is required, the allegations of this paragraph are denied. The policy and practice of the ACJ is to use only reasonable and necessary force.

64.   This paragraph is a legal conclusion that requires no response. To the extent that a response is required, the allegations of this paragraph are denied. The policy and practice of the ACJ is to use only reasonable and necessary force.

65.   After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph. The policy and practice of the ACJ is to use only reasonable and necessary force.

66.   After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph. The policy and practice of the ACJ is to use only reasonable and necessary force.

67.   After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph. By way of further response, OC spray and pepper ball guns are used at the ACJ when it is necessary and proper to do so. All uses of force are reviewed by command staff at the ACJ. The

policy and practice of the ACJ is to use only reasonable and necessary force.

68.    Denied. All uses of force are reviewed by command staff at the ACJ. All uses of force are reviewed by command staff at the ACJ. The policy and practice of the ACJ is to use only reasonable and necessary force.

69.    After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph. By way of further response, OC spray and pepper ball guns are used at the ACJ when it is necessary and proper to do so. All uses of force are reviewed by command staff at the ACJ.

70.    After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph. By way of further response, Tasers are used at the ACJ when it is necessary and proper to do so. All uses of force are reviewed by command staff at the ACJ. The policy and practice of the ACJ is to use only reasonable and necessary force.

71.   After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph. By way of further response, Tasers are used at the ACJ when it is necessary and proper to do so. All uses of force are reviewed by command staff at the ACJ. The policy and practice of the ACJ is to use only reasonable and necessary force.

72.   After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph. By way of further response, restraint chairs are used at the ACJ when it is necessary and proper to do so. All uses of force are reviewed by command staff at the ACJ. The policy and practice of the ACJ is to use only reasonable and necessary force.

73.   After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph. By way of further response, restraint chairs are used at the ACJ when it is necessary and proper to do so. All uses of force are reviewed by command staff at the ACJ. The policy and practice of the ACJ is to use only reasonable and necessary force.

74. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph. By way of further response, restraint chairs are used at the ACJ when it is necessary and proper to do so. All uses of force are reviewed by command staff at the ACJ. The policy and practice of the ACJ is to use only reasonable and necessary force.

75. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph. By way of further response, restraint chairs are used at the ACJ when it is necessary and proper to do so. Persons in restraint chairs are monitored by correctional and healthcare staff. All uses of force are reviewed by command staff at the ACJ. The policy and practice of the ACJ is to use only reasonable and necessary force.

76. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph. By way of further response, restraint chairs are used at the ACJ when it is necessary and proper to do so. Persons in restraint chairs are monitored by correctional and healthcare staff.

All uses of force are reviewed by command staff at the ACJ. The policy and practice of the ACJ is to use only reasonable and necessary force.

77. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph. By way of further response, restraint chairs are used at the ACJ when it is necessary and proper to do so. Persons in restraint chairs are monitored by correctional and healthcare staff. All uses of force are reviewed by command staff at the ACJ. The policy and practice of the ACJ is to use only reasonable and necessary force.

78. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph. By way of further response, restraint chairs are used at the ACJ when it is necessary and proper to do so. Persons in restraint chairs are monitored by correctional and healthcare staff. All uses of force are reviewed by command staff at the ACJ. The policy and practice of the ACJ is to use only reasonable and

necessary force. Inmates in restraint chairs are released when it is safe to do so.

80. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph. By way of further response, restraint chairs are used at the ACJ when it is necessary and proper to do so. Persons in restraint chairs are monitored by correctional and healthcare staff. All uses of force are reviewed by command staff at the ACJ. The policy and practice of the ACJ is to use only reasonable and necessary force.

81. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph. By way of further response, restraint chairs are used at the ACJ when it is necessary and proper to do so. Persons in restraint chairs are monitored by correctional and healthcare staff. All uses of force are reviewed by command staff at the ACJ. Staff is appropriately disciplined for established violations of policy. The policy and practice of the ACJ is to use only reasonable and necessary force.

82. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph.

## Alleged Lack of Training for Working with Individuals with Psychiatric Disabilities.

83. This paragraph is a legal conclusion that requires no response. To the extent that a response is required, the allegations of this paragraph are denied. By way of further, answer as to paragraphs 83-88, the ACJ has many policies, practices and trainings related to mental health matters related to inmates.

84. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph. By way of further response, the ACJ provides necessary and proper staff training.

85. Denied. The ACJ provides necessary and proper staff suicide prevention training.

86. Denied. The ACJ provides necessary and proper staff suicide prevention training.

87.   After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph. By way of further response, the ACJ provides necessary and proper staff training.

88.   This paragraph is a legal conclusion that requires no response. To the extent that a response is required, the allegations of this paragraph are denied.

**Alleged Use of Alleged Solitary Confinement**

89.   This paragraph is a legal conclusion that requires no response. To the extent that a response is required, the allegations of this paragraph are denied. The ACJ does not use solitary confinement.

90.   Denied. The ACJ has Restricted Housing, but it does not employ solitary confinement.

91.   Admitted as to RHU but denied as to solitary confinement. The ACJ does not use solitary confinement.

92.   RHU and Administrative Custody (AC)  inmates are not necessarily housed on special housing pods. The ACJ does not use solitary confinement.

93.   RHU and AC inmates receive at least one hour of out of cell time per day, absent unusual circumstances. The RHU and AC cells are standard size ACJ cells. The cells meet or exceed standards for correctional facility cells.

94.   RHU inmates receive at least one hour of out of cell time per day, absent unusual circumstances. The outdoor recreation area has metal screens. No equipment is permitted in the disciplinary housing unit in that area.

95.   Denied.

96.   No inmates are denied reading material, except as a suicide precaution, but the quantity of in cell material may be restricted. Writing instruments is not allowed in cells in the mental health unit for safety and security reasons. Special writing instruments are allowed in common areas. The ACJ has have a leisure library on each pod with reading materials. Inmates  on Pod

8E and 4F are provided with golf pens to write.  Inmates on 5MD are acutely mentally ill and they are provided writing utensils upon approval of a psychiatrist.

97.  Denied. No inmate is denied any service based on their mental health condition. Any restriction on persons with mental health conditions are for the safety and security of the inmate, other inmates and staff  or for the orderly operation of the ACJ.

98.  After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph. The ACJ does not use solitary confinement.

99.  This paragraph is a legal conclusion that requires no response. To the extent that a response is required, the allegations of this paragraph are denied. The ACJ does not use solitary confinement.

100.  After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph.

101. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph. The ACJ does not use solitary confinement.

102. This paragraph is a legal conclusion that requires no response. To the extent that a response is required, the allegations of this paragraph are denied. The document referenced speaks for itself.

103. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph. The ACJ does not use solitary confinement. Any restriction on persons with mental health conditions are for the safety and security of the inmate, other inmates and staff, or for the orderly operation of the ACJ. 104. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph. The ACJ does not use solitary confinement. Any restriction on persons with mental health conditions are for the safety and security of the inmate, other inmates and staff, or for the orderly operation of the ACJ.

105. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph. The ACJ does not use solitary confinement. Any restriction on persons with mental health conditions are for the safety and security of the inmate, other inmates and staff, or for the orderly operation of the ACJ.

106. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph. The ACJ does not use solitary confinement. Any restriction on persons with mental health conditions are for the safety and security of the inmate, other inmates and staff, or for the orderly operation of the ACJ.

107. Any restriction on persons with mental health conditions are for the safety and security of the inmate, other inmates and staff, or for the orderly operation of the ACJ. Any restriction on persons with mental health conditions are for the safety and security of the inmate, other inmates and staff, or for the orderly operation of the ACJ.

108. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph. The ACJ does not use solitary confinement. Any restriction on persons with mental health conditions are for the safety and security of the inmate, other inmates and staff, or for the orderly operation of the ACJ.

109. Denied. The ACJ does not use solitary confinement. Any restriction on persons with mental health conditions are for the safety and security of the inmate, other inmates and staff, or for the orderly operation of the ACJ. All inmates on restricted housing are regularly evaluated by correctional and medical and mental health professionals.

110. Denied. The ACJ does not use solitary confinement. Any restriction on persons with mental health conditions are for the safety and security of the inmate, other inmates and staff, or for the orderly operation of the ACJ.

111. Denied. The ACJ does not use solitary confinement. Any restriction on persons with mental health conditions are for the

safety and security of the inmate, other inmates and staff, or for the orderly operation of the ACJ. All inmates are physically and mentally cleared by healthcare staff before being placed on segregation.

112. Denied. All inmates are physically and mentally cleared by healthcare staff before being placed on segregation. No inmate may be placed on segregation without being cleared by medical and mental health staff.

113. Denied.

114. This paragraph is a legal conclusion that requires no response. To the extent that a response is required, the allegations of this paragraph are denied.

115. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph.

116. Denied. Inmates on RHU status on an acute mental health unit receive at least one hour of out of cell time per day, unless there is a lock down or another unusual situation. They may

have that time in the recreation area or secured to a table in the common area. Various factors govern out of cell time, including the assessment of their mental health condition, its acuity, safety and security of facility, and operational considerations.

117. Denied. Inmates on RHU status on an acute mental health unit receive at least one hour of out of cell time per day, unless there is a lock down or another unusual situation. They may have that time in the recreation area or secured to a table in the common area.

118. This paragraph is a legal conclusion that requires no response. To the extent that a response is required, the allegations of this paragraph are denied. The ACJ does not use solitary confinement.

119. This paragraph is a legal conclusion that requires no response. To the extent that a response is required, the allegations of this paragraph are denied. The ACJ does not use solitary confinement.

120. This paragraph is a legal conclusion that requires no response. To the extent that a response is required, the allegations of this paragraph are denied. The ACJ does not use solitary confinement.

## Alleged Placement in Solitary Confinement Without Due Process

121. This paragraph is a legal conclusion that requires no response. To the extent that a response is required, the allegations of this paragraph are denied.

122. The ACJ places inmates on investigatory detention based on the nature of the misconduct and the inmate's prior disciplinary history. The location of the detention is not necessarily the RHU. The ACJ does not use solitary confinement. The ACJ Policy 500 provides for a disciplinary hearing  within seven business days and other procedural safeguards.

123. Denied. The ACJ does not use solitary confinement. The current policy is that hearings are conducted within seven business days.

124. This paragraph is a legal conclusion that requires no response. To the extent that a response is required, the allegations of this paragraph are denied.

125. Denied. Disciplinary action at the ACJ is governed by Policy 500.

126. This paragraph is a legal conclusion that requires no response. To the extent that a response is required, the allegations of this paragraph are denied.

127. Denied. The ACJ does not use solitary confinement. Inmates are given a copy of the disciplinary report shortly after it is generated. Disciplinary action at the ACJ is governed by Policy 500.

128. Denied. The ACJ does not use solitary confinement. Not all inmates accused of a disciplinary infraction are placed in pre-hearing detention. It is possible for an inmate to be held in pre-hearing detention for more than a week and to be found not guilty of the offense.

129. Denied. The ACJ does not use solitary confinement. An inmate may be released from pre-hearing detention without a hearing.

130. Denied. It is not unusual for inmates to be found not guilty of a disciplinary offense or to have charges dismissed or reduced.

131. This paragraph is a legal conclusion that requires no response. To the extent that a response is required, the allegations of this paragraph are denied.

132. This paragraph is a legal conclusion that requires no response. To the extent that a response is required, the allegations of this paragraph are denied.

## Alleged Interference with Psychiatric Care

133. Denied. The terms "medical education or training" is vague and cannot be answered. But the ACJ does have trained mental health professionals "overseeing" inmate mental health care.

134.  Dr. Barfield is an administrator and not a care provider. By way of further response, Michael Barfield is a Licensed Social Worker – he has a Master of Science in Social Work. He holds credentials that exceed the mental health specialists who typically perform the tasks. Additionally, he has over 30 years of clinical experience.

135. Denied. Dr. Joseph is no longer employed at the ACJ. He had administrative authority, but he was not necessarily the final authority regarding policies. The position of Health Services Administrator was filled August 2020.

136. Denied as stated. Chief Deputy Williams' duties are primarily administrative and supervisory. She does not provide direct patient care. She does not prescribe medication or make diagnoses. Chief Deputy Warden Laura Williams holds a Bachelor of Science in Psychology and a Master of Science in Counseling Psychology which included training and education in all psychiatric disorders, assessment, and diagnosis. She is not credentialed to prescribe medications and does not make medical decisions.  She has worked in community mental health settings

with children, adolescents, and adults. She has also worked in community substance use settings. She passed the National Counseling Examination and received her License of Professional Counseling (this has lapsed due to not applying for recertification). She is a board certified Nationally Certified Counselor and has maintained the necessary continued education and qualifications for this credential. She has served in the capacity as a Substance Use Counselor, Director of Substance Use Services, Deputy Health Services Administrator, and Chief Deputy Warden of Healthcare Services. As of January 2021, she will be beginning her 8th year as a correctional employee.

137. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph.  By way of further response and as stated above, Michael Barfield is a Licensed Social Worker – he has a Master of Science in Social Work. He holds credentials that exceed the mental health specialists who typically perform the tasks. Additionally, he has over 30 years of clinical experience. Laura Williams response/credentials/education is above.

138. Denied. The placement of inmates is a correctional decision based on many factors, one of which is mental health. However, no inmate is placed on a restrictive housing status, unless they are cleared by medical and mental health staff.

139. This paragraph is a legal conclusion that requires no response. To the extent that a response is required, the allegations of this paragraph are denied. By way of further answer, the management of inmates is a correctional decision based on many factors, one of which is mental health.

140. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph. By way of further answer, the management of inmates is a correctional decision based on many factors, one of which is mental health.

141. Denied. The recommendations of medical and mental health staff are considered by the Defendants, when relevant. By way of further answer, the management of inmates is a

correctional decision based on many factors, one of which is mental health.

142. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph.

143. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph.

144. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph.

145. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph.

146. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph. By way of further answer, the management of inmates

is a correctional decision based on many factors, one of which is mental health.

147. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph.

148. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph.

149. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph.

150. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph.

151. Denied.

## Alleged Suffering by People with Psychiatric Disabilities

152. This paragraph is a legal conclusion that requires no response. To the extent that a response is required, the allegations of this paragraph are denied.

153. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph.

154. This paragraph is a legal conclusion that requires no response. To the extent that a response is required, the allegations of this paragraph are denied.

155. Denied. There have been eight suicide deaths at the ACJ since October 2012.

156. There have been more suicide attempts than suicides.

157. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph.

158. This paragraph is a legal conclusion that requires no response. To the extent that a response is required, the allegations of this paragraph are denied.

159. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph.

## Defendants Alleged Involvement in Mental Health Care and Practices

160. Warden Harper approves all policies, but he prepares few and he necessarily relies on others for many policies, particularly health care related polices.

161. Chief Deputy Warden participates in the creation of most ACJ policies, but she prepares few and she necessarily relies on others for many policies, particularly health care related polices.

162. Director Barfield participates in the creation of most ACJ mental health policies, but he prepares few and he necessarily relies on others for many policies. Dr. Barfield does not have final or sole authority to implement mental health policies or practices.

163. This paragraph is a legal conclusion that requires no response. To the extent that a response is required, the allegations of this paragraph are denied.

164. This paragraph is a legal conclusion that requires no response. To the extent that a response is required, the allegations of this paragraph are denied. By way of further response, the ACJ has staff that is capable of providing reasonable and necessary health care. The staffing of positions at the ACJ is complex, involving many factors. The ACJ provides inmates with reasonable and necessary health care.

165. Denied. The ACJ provides inmates with reasonable and necessary health care.

166. This paragraph is a legal conclusion that requires no response. To the extent that a response is required, the allegations of this paragraph are denied. The ACJ provides inmates with reasonable and necessary health care.

167. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph.

168. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph. By way of further  response, this paragraph does not describes specific acts or define its terms, so it is impossible to formulate an answer without speculating.

169. Denied. Force is not used to punish inmates; it is used only when necessary for the safety and security of the staff and inmates.

170. This paragraph is a legal conclusion that requires no response. To the extent that a response is required, the allegations of this paragraph are denied. By way of further response, policies and practices are regularly review and modified.

171. This paragraph is a legal conclusion that requires no response. To the extent that a response is required, the allegations of this paragraph are denied. The ACJ does not use solitary confinement.

172. The ACJ does not use solitary confinement. Inmates are not disciplined for requesting mental health care.

173. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph.

174. This paragraph is a legal conclusion that requires no response. To the extent that a response is required, the allegations of this paragraph are denied.

175. This paragraph is a legal conclusion that requires no response. To the extent that a response is required, the allegations of this paragraph are denied.

## Shaquille Howard

176. Admitted.

177. Denied. This calls for a medical opinion.

178. The ACJ does not use solitary confinement. Howard has spent time in various pods, and he has been on restricted housing status for misconduct.

179. The ACJ does not use solitary confinement. Howard was subject to 23 hours in and 1 hour out of cell while he was on restricted housing for disciplinary reasons.

180. Denied. His privileges have been restricted. Inmates on restricted housing receive the same food as other inmates. As to the remaining averment of this paragraph, after reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph.

181. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph.

182. The ACJ does not provide counseling services.

183.  The ACJ does not provide counseling services.

184. Inmates on restricted housing are seen daily by health care staff and reasonable and necessary care is provided.

185. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph. By way of further response, reasonable and necessary care is provided.

186. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph.

187. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph. Inmates are not disciplined for requesting health care services.

188. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph. By way of further response, inmates who threaten suicide are taken seriously and protective measures are taken by the ACJ.

189. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph.

190. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph. It is admitted that an alleged suicide attempt by Mr. Howard was reported on or about February 10, 2020. The ACJ does not use solitary confinement.

191. Denied. The ACJ does not discipline inmates for suicide attempts. As to other allegations, after reasonable investigation

the defendants lack sufficient information to admit or deny the allegations of this paragraph.

192.  Admitted.

193. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph.

194. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph.

195. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph.

196. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph.

197. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph.

198. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph.

199. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph.

200. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph.

201. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph.

201. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph.

202. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph.

## James Byrd

203. Admitted.

204. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph.

205. Denied. Inmate has been placed on restricted housing for misconduct or for his own safety or for the safety of others or for the orderly operation of the ACJ.

206. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph. By way of further response Byrd's cell is a standard size, any unsanitary conditions were caused by Byrd. He has been provided with reasonable and necessary exercise. As to all other averments of this paragraph, after reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph.

207. The ACJ does not use solitary confinement. Byrd's phone privileges have been restricted at times. As to all other averments of this paragraph, after reasonable investigation the defendants

lack sufficient information to admit or deny the allegations of this paragraph.

208. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph.

209. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph.

210. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph.

211. Force has been used on Byrd multiple times because of his persistent and intentional misconduct.

212. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph.

213. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this

paragraph. But it is admitted that Byrd has been placed in a restraint chair multiple times.

214. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph. By way of further response, it is admitted that Byrd has been placed in a restraint chair, on restricted housing, and force has been used against him multiple times because of his misconduct.

215. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph.

216. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph.

217. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph.

218. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this

paragraph. By way of further response, it is admitted that Byrd has been placed in a restraint chair, on restricted housing, and force has been used against him multiple times because of his misconduct.

219. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph. By way of further response, it is admitted that Byrd has been placed in a restraint chair, on restricted housing, and force has been used against him multiple times because of his misconduct.

220. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph.

221. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph. By way of further response, it is admitted that Byrd has been placed in a restraint chair, on restricted housing, and force has been used against him multiple times because of his misconduct.

222. This paragraph is a legal conclusion that requires no response. To the extent that a response is required, the allegations of this paragraph are denied. It is admitted that Byrd has been taken to the hospital on multiple occasions.

223. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph. By way of further response, on information and belief, Byrd has been provided with necessary and reasonable health care while he was an inmate at the ACJ.

224. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph. By way of further  response Byrd's medical records are writings that speak for themselves.

225. Denied.

226. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph.

227. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph.

## Jason Porter

228. Admitted.

229. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph.

230. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph.

231. Denied. New ACJ inmates are properly screened for health problems.

232.  Denied.

233. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph.

234. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph.

235. The ACJ provides mental health treatment, but not mental health counseling.

236. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph.

237. Denied. Mr. Porter has had appropriate ophthalmological evaluation and treatment. Moreover, Porter is a Federal prisoner and outside visits must be approved by the U.S. Marshall Service.

238. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph.

239. Progress notes are a treatment plan.

240. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph.

241. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph. The Defendants are not aware of any unjustified or excessive use of force against Porter.

242. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph. The Defendants are not aware of any unjustified or excessive use of force against Porter.

243. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph. The Defendants are not aware of any unjustified or excessive use of force against Porter or denial of medication.

244. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph. Such conduct would violate policy, if it occurred.

245. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph.

## Keisha Cohen

246.  Admitted.

247. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph.

248. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph.

249. Admitted.

250. The ACJ provides mental health treatment, but not mental health counseling.

251. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph. Such conduct would violate policy, if it occurred.

252. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph. Such conduct would violate policy, if it occurred.

253. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this

paragraph. By way of further response, medication distribution is recorded in an inmate's health record.

254. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph, but it is admitted that Cohen was viewed as a suicide risk.

255. It is admitted that Cohen was placed on suicide watch and her possession were limited to a suicide gown and suicide blanket for her safety.

256. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph. By way of further response, Cohen received reasonable and necessary treatment while she was on suicide watch.

257. This paragraph is a legal conclusion that requires no response. To the extent that a response is required, the allegations of this paragraph are denied. By way of further response, Cohen was not placed on RHU status for a suicide attempt.

### Albert Castaphney

258. Admitted.

259. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph.

260. Denied.

261. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph.

262. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph.

263. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph.

264. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph.

265. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this

paragraph. It is admitted that Castaphney was placed in a restraint chair.

266. Denied.

267. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph.

268. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph.

269. Individuals on suicide watch are issued a suicide garment and a suicide blanket for their safety.

270. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph.

271. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph. By way of further response, it is denied that he received no mental health treatment while on suicide watch.

272. After reasonable investigation the defendants lack sufficient information to admit or deny the allegations of this paragraph.

273. Mr. Castaphney was on restricted housing in early, 2020. The ACJ does not use solitary confinement. Some privileges are restricted while an inmate in on restricted housing status, which may include telephone and some commissary.

274. This paragraph is a legal conclusion that requires no response. To the extent that a response is required, the allegations of this paragraph are denied.

## Class Action Allegations

275-283. These paragraphs are legal conclusions that requires no response. To the extent that a response is required, the allegations of this paragraph are denied.

## Count I
## Fourteenth Amendment-Alleged Failure To Provide Adequate Mental Health Care

284-292. These paragraphs are legal conclusions that require no response. To the extent that a response is required, the

allegations of these paragraphs are denied.  All prior paragraphs are incorporated by reference.

## Count II
## Fourteenth Amendment-Alleged Unconstitutional Use Of Solitary Confinement

293.  All prior paragraphs are incorporated by reference.

294 -299. These paragraphs are legal conclusions that require no response. To the extent that a response is required, the allegations of these paragraphs are denied.

## Count III
## Fourteenth Amendment-Alleged Excessive Use Of Force

300. All prior paragraphs are incorporated by reference.

301.  These paragraphs are legal conclusions that require no response. To the extent that a response is required, the allegations of these paragraphs are denied.

## Count IV
## Americans With Disabilities Act

303. All prior paragraphs are incorporated by reference.

304-310.  These paragraphs are legal conclusions that require no response. To the extent that a response is required, the allegations of these paragraphs are denied.

## Count V
## Rehabilitation Act

311. All prior paragraphs are incorporated by reference.

312-318.  These paragraphs are legal conclusions that require no response. To the extent that a response is required, the allegations of these paragraphs are denied.

## Count VI
## Fourteenth Amendment-Procedural Due Process

319. All prior paragraphs are incorporated by reference.

320. This paragraph is a legal conclusion that requires no response. To the extent that a response is required, the allegations of this paragraph are denied.

## Count VII
## Fourteenth Amendment-Substantive Due Process

321. All prior paragraphs are incorporated by reference.

322-325.  These paragraphs are legal conclusions that require no response. To the extent that a response is required, the allegations of these paragraphs are denied.

## Count VIII
## Fourteenth Amendment-Alleged Failure To Train

326. All prior paragraphs are incorporated by reference.

327-331. These paragraphs are legal conclusions that require no response. To the extent that a response is required, the allegations of these paragraphs are denied.

WHEREFORE, Defendants demand judgment in their favor, plus interest, attorney fees and costs.

## Affirmative Defenses

332. County Defendants incorporate the foregoing paragraphs as though set forth completely herein.

333. Plaintiffs has failed to establish, and cannot establish, proper subject-matter jurisdiction to sustain this suit.

334. Plaintiffs have failed to state facts showing, and cannot establish facts showing, that the County Defendants acted under color of state, local or federal statute, ordinance, custom, policy, regulation, usage, law, or authority in a way violating any due process rights, other constitutional rights, or other legal rights had by Plaintiffs.

335. Plaintiffs have failed to establish, and cannot establish, that the County Defendants implemented or followed any unconstitutional customs or policies, that any County Defendant knew of, should have known of, or acquiesced in, any unconstitutional conduct, customs, or policies, or that the County Defendants engaged in any constitutional conduct in any way whatsoever.

336. The County Defendants engaged in no actions, customs, directives, inactions, policies, practices, procedures, or protocols that interfered with Plaintiff's constitutional/legal rights while in the ACJ, that violated Plaintiff's constitutional/legal rights, and/or that violated any duties the County Defendants had to Plaintiffs.

337. The County Defendants engaged in no actions, customs, directives, inactions, policies, practices, procedures, or protocols that caused Plaintiffs any harms, injuries, or damages.

338. The County Defendants were not recklessly indifferent to, or deliberately indifferent to, Plaintiffs' needs and/or rights.

339. At no time did the County Defendants act in any way that could be deemed negligent, reckless, or recklessly, deliberately, or intentionally indifferent to Plaintiffs' constitutional rights and/or other legal rights.

340. Plaintiffs have failed to state a claim, and cannot establish a claim, entitling Plaintiffs to judgment against, or entitling Plaintiffs to recover any damages, attorneys' fees, or costs from, any County Defendants.

341. Plaintiffs have has failed to state a claim, and cannot establish a claim, of any civil rights violation or other violation by the County Defendants.

342. Plaintiff has otherwise failed to state any claim, and cannot establish any claim, upon which relief can be granted against the County Defendants under the Fourteenth Amendment to the U.S. Constitution, the Eighth Amendment to the U.S. Constitution, the Fourteenth Amendment to the U.S. Constitution, any other provision of the U.S. Constitution, 42 U.S.C. §§ 1983, 1988, any U.S. civil rights act and/or amendments thereto, any

other federal laws or provisions, any provision of the Pennsylvania Constitution, any other Pennsylvania laws or provisions, or any other legal or equitable authority of any type whatsoever.

343. Defendants Harper, Williams and Barfield are entitled to qualified immunity from suit and/or from liability in this case.

344. At all times relevant hereto, the County Defendants took appropriate actions and used appropriate customs, directives, policies, practices, procedures, and protocols to protect Plaintiffs' rights while at the ACJ and to meet all duties the County Defendants had to Plaintiffs.

345. The County Defendants met all their constitutional and statutory duties vis-à-vis Plaintiffs.

346. Plaintiffs failed to seek redress of Plaintiff's grievances through the federal and/or Pennsylvania laws relating to prison litigation reform.

347. Plaintiffs have otherwise failed to exhaust their administrative remedies.

348. Plaintiffs have procedurally defaulted on his claims in this suit.

349. Plaintiffs have otherwise waived all claims against the County Defendants.

350. Plaintiff's suit is barred wholly or in part by the applicable statute of limitations.

351. Plaintiff's suit is barred by laches.

352. Plaintiffs' suit and requests for damages are otherwise barred by law and/or equity.

353. To the extent not already pled by the County Defendants, these Defendants asserts that Plaintiffs cannot demonstrate any conduct, policy, harm, injury, or damage constituting a constitutional violation and/or establishing a right to relief.

354. The County Defendants are entitled to recover from Plaintiff all attorneys' fees and costs incurred by the County in defending this suit.

355. The policy and custom of Allegheny County was to provide inmates of the Allegheny County Jail with reasonable and necessary medical care and to accommodate disabled inmates.

356. The County Defendants provided Plaintiff with due process of law.

357. The Plaintiffs failed to mitigate their damages.

358. The actions of the County Defendants were not the cause in fact or the proximate cause of the Plaintiff's alleged injuries or damages.

359. The County Defendants reserve the right to raise all other defenses available under any and all applicable laws by amending his answer and affirmative defenses and/or by raising such other defenses at the summary judgment stage of this case and/or by raising such other defenses at the trial of this case.

360. The Plaintiffs voluntarily assumed a known risk of injury.

361. Any damages, attorneys' fees and costs are barred or limited by the Prison Litigation Reform Act.

362.  Defendants Harper, Williams and Barfield are individuals and they are not liable under the ADA or the Rehabilitation Act.

363. Plaintiffs are not disabled.

364. Plaintiffs have not been denied access services or programs based on a real or perceived disability.

365. Plaintiffs' alleged disability is not a cause or a material cause of any alleged denial of any service or program at the ACJ.

366. Any injunctive relief is subject to 18 U.S.C. §3626.

WHEREFORE, the County Defendants demand judgment in its favor against Plaintiff.  The County Defendants also demand all attorneys' fees and all costs incurred by them in defending this suit.

Respectfully submitted,

/s/John A. Bacharach
Allegheny County Assistant Solicitor
PA ID 19665
Allegheny County Law Department
300 Fort Pitt Commons Building
445 Fort Pitt Boulevard
Pittsburgh, PA  15219
(412) 350-1150

**A JURY TRIAL DEMANDED AS TO ANY ISSUES TRIABLE BY JURY.**