IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAQUILLE HOWARD, JAMES BYRD, JASON PORTER, KEISHA COHEN and ALBERT CASTAPHANY, on their own behalf and on behalf of all others similarly situated, | CIVIL ACTION  2:20-CV-01389 |
| Plaintiffs, | MAGISTRATE JUDGE LISA PUPO LENIHAN |
| v. | |
| LAURA WILLIAMS, Chief Deputy Warden of Healthcare Services; ORLANDO HARPER, Warden of Allegheny County Jail; MICHAEL BARFIELD, Mental Health Director; ALLEGHENY COUNTY; | |
| Defendants. | |

## **STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER**

**WHEREAS,** discovery in this case including, but not limited to, interrogatories; requests for production of documents or things; requests for admission; and/or depositions, may require, by way of illustration, not limitation, disclosure of personal and confidential information, including HIPAA-protected patient information, social security numbers and other confidential patient or personnel information, the disclosure of which may cause injury to the parties hereto and which should otherwise remain confidential and the private property and information of the respective party;

**WHEREAS**, the proposed confidential information should be given the protection of an Order of this Court to prevent injury to, or an invasion of, the personal and confidential information of the parties or third-parties by reason of any disclosure;

1

**WHEREAS**, the need for confidentiality, although subject to dispute, may outweigh the importance of public disclosure as the protective order may: expedite the flow of discovery material; preserve the integrity of truly confidential information; promote the prompt resolution of disputes over confidentiality; and facilitate the preservation of material worthy of protection; and

**WHEREAS**, the purpose of this this Stipulated Confidentiality and Protective Order ("Agreement") is to expedite the production of documents and other information without judicial intervention, the provisions in this Agreement shall not limit or be deemed to waive the right of any party or third party to seek relief from or greater protection than that provided by this Agreement.

Accordingly, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and the parties having agreed to enter into this Agreement to govern the production of Confidential Information (as hereinafter defined), and for good cause shown, the parties herby agree and it is hereby **ORDERED** as follows:

1. The parties hereto are involved in a civil action at number 2:20-cv-1556 in the United States District Court for the Western District of Pennsylvania.

2. "Confidential Information" as used herein shall refer to and incorporate: (a) any and all patient records or records of patient care or treatment, (a) including any patient identifying information, whether or not redacted; (b) social security numbers of any patient; (c) any confidential patient-related or private personnel-related information of non-party patients; and (d) psychiatric, psychological mental information; (e) personnel files and  (f) other information for which a good faith claim of need of protection can be made under the Federal Rules of Civil Procedure and/or applicable law.

3. This Agreement is intended to govern the handling of all Confidential Information disclosed pre-trial in the course of or in connection with the above-captioned action, including, without limitation, discovery demands, testimony, documents, items produced or revealed in discovery, and court filings.

4. All medical records shall be designated as "Confidential" as described below. without being specifically marked or designated as such.

5. All personnel records shall be designated as "Highly Confidential: Attorney Eyes Only" as described below without being specifically marked or designated as such.

6. As to all other records, any party or other person, including non-party recipients of discovery requests, may designate all or any part of a document, discovery response, deposition, or other discovery material which that party or person produces, serves, or provides in connection with this action as "Confidential" or "Highly Confidential: Attorney Eyes Only" as described below.

7. The designation of Confidential Information as "Highly Confidential: Attorney Eyes Only" means that it contains unredacted patient or other private identifying information or other private health information that is protected by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), 45 C.F.R. §164.501, and is so sensitive and/or confidential that disclosure to any of the parties pursuant to a designation of "Confidential" will not provide adequate protection to the interests of the party producing the Confidential Material. and shall therefore only be disclosed to the Court, the Court's staff, court reporters and videographers, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation, and to the following persons:

      a. Counsel for the parties hereto and persons in the regular employ of their counsel (such as secretaries and legal assistants);

  b. Deposition witnesses, subject to ¶¶ 11-12 below; and

  c. Experts and consultants retained by the parties for purposes of the lawsuit.

A party producing redacted documents shall upon request by another party, explain the bases for any redactions. The parties shall confer to attempt to resolve any disputes regarding any redactions before seeking a ruling from the Court.

 8. The designation of Confidential Information as "Confidential" means that it contains information of which a party contends in good faith the public disclosure of which is likely to result in a clearly defined injury.

 9. Materials designated as "Confidential" shall be disclosed only to the Court, the Court's staff, court reporters and videographers, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation, and to the following persons:

  a. The parties to this action and up to three employees and/or agents of the parties who, in the good faith opinion of the disclosing party, are actively involved in the prosecution or defense of their action and have a legitimate need to know the information in connection with litigation of the action;

  b. Counsel for the parties hereto and persons in the regular employ of their counsel (such as secretaries and legal assistants);

  c.

  d. Deposition witnesses, subject to ¶¶ 11-12 below;

  e. Experts and consultants retained by the parties for purposes of the lawsuit; and

  f. Any other person that all parties agree to in writing.

 10. Any person receiving Confidential Information covered by this Agreement shall be notified by counsel of the terms of this Agreement prior to disclosure of the information and shall execute the declaration attached hereto as Exhibit "A".  Signed declarations shall be

retained by the party for each such person to whom the party has disclosed Confidential Information. Any party or nonparty may be shown its own Confidential Information, including Confidential Information such party or nonparty created or previously received, without execution of a declaration.

11. Materials designated as "Confidential" or "Highly Confidential: Attorney Eyes Only" shall be used solely for the purposes of this litigation. Every person with custody of such Confidential Information shall maintain it in a manner that assures that access to it is strictly limited to persons entitled to receive said documents or information in accordance with the provisions of this Agreement.

12. Nothing in this Agreement will preclude the use of Confidential Information in depositions, at trial and in dispositive and discovery motions. However, if Confidential Information is to be used in such a way, the confidential nature of the information should be protected by designating deposition testimony confidential or by filing exhibits with the Court under seal according to the procedures set forth by Local Rule "LCvR 5.2.H."

23. The designation of Confidential Information as "Confidential" or "Highly Confidential: Attorney Eyes Only" other than the information automatically identified in paragraphs 4 and 5, supra, as "Confidential" or "Highly Confidential" by this ORDER shall be made by stamping these words on each page of the confidential material so designated, or, in the case of testimony, noting it on the record at the time of testimony, or in the case of electronic discovery making the designations in a manner that clearly delineates the material that is "Confidential" or "Highly Confidential: Attorney Eyes Only." Designations should be made at the time of furnishing the discovery, but no later than fourteen (14) days thereafter. Deposition transcripts and the exhibits thereto, and documents produced by nonparties in connection with

depositions, may be designated either (1) prior to or during the deposition; or (2) by written notice to the reporter and all counsel of record, given within fourteen (14) days after receipt of the transcript and exhibits. A party intending to file Confidential Information in connection with this lawsuit shall first file a motion for leave of court to file it under seal according to the procedures set forth by Local Rule "LCvR 5.2.H."

34. Any receiving party can challenge the designation of ""Confidential" or "Highly Confidential: Attorney Eyes Only" by giving written notice to all other parties of the materials sought to be reclassified and the reasons therefore. Failing a negotiated agreement, the matter may be submitted to the Court for resolution. The burden of justifying the confidential designation remains on the party seeking confidentiality. Confidentiality shall be maintained pending resolution of the dispute. In bringing any motion to challenge a designation of confidentiality, no information which has been so designated shall be filed with the Court, unless under seal following.

15. The use of Confidential Information that is proposed to be filed of record in connection with any legal memorandum, hearing or trial in this lawsuit shall be filed under seal and governed by the procedures set forth by Local Rule "LCvR 5.2.H." The parties may file briefs and other material making reference in general to confidential material without the need to file under seal. However, if the content of Confidential Information is specifically disclosed in the brief, that reference shall be redacted in a public filing and that portion will be filed under seal. Similarly, a brief may make general reference to an exhibit that is confidential, and in that case the brief itself need not be sealed but the exhibit shall be filed under seal. The Clerk shall return to counsel or destroy any sealed material within thirty (30 days) of the termination of this litigation.

16. <u>Protected Health Information</u>

a. For purposes of this Protective Order, the term "protected health information" shall have the same scope and definition as set forth in 45 C.F.R. § 160.103. Without limitation to the definition provided therein, "protected health information" shall include, but is not limited to, health information, including demographic information, that:

i. Relates to (i) the past, present, or future physical or mental condition of an individual, (ii) the provision of care to an individual, or (iii) the payment for care provided to an individual; and that

ii. Identifies or reasonably could be expected to identify that individual.

b. Allegheny County is a "covered entity" as defined by 45 C.F.R. § 160.103, and certain recipients of subpoenas also may be "covered entities." Any such Parties, along with their attorneys, are hereby authorized to transmit protected health information pertaining to their patients to the extent provided and subject to the conditions outlined herein. All Parties may use protected health information obtained through such means in any manner that is reasonably connected with this Action. Such uses include, but are not limited to, disclosure to the Parties, their attorneys, their experts, their consultants, personnel or reporters of this Court, copy services, trial consultants, jurors, venire members, and other entities involved in the process of litigating this Action.

c. In accordance with 45 C.F.R. § 164.512(e)(1) the Parties may not use or disclose any protected health information received in discovery from a Party or non-party for any purpose or in any manner that is not reasonably connected with this Action.

    d. At the conclusion of the litigation of this Action, each Party and any person or entity in possession of protected health information received from that Party in accordance with this Protective Order shall return to the producing Party any and all protected health information and shall destroy all copies made of such protected health information. Notwithstanding the foregoing, any such Party may retain any protected health information generated or provided by it.  For purposes of this provision, litigation of this Action concludes when (a) a final order is entered that disposes of the entire case, or (b) all trial and appellate proceedings have been exhausted, or (c) any ordered period of monitoring for compliance with a Court Order has expired.. At the conclusion of the 60-day period, each party shall certify, in writing, that all Discovery Material subject to this provision has been returned to counsel for the producing party or has been destroyed.

    e. Nothing in this Protective Order shall limit or control the use of protected health information pertaining to a patient, member or insured of any Party that is received by any Party or its attorney from a source other than a covered entity, as defined in 45 C.F.R. § 160.103.

  17. Neither this Agreement, nor the production of any Confidential Information pursuant hereto, shall be construed as an admission by the parties hereto of the admissibility of the information as evidence.

  18. After final termination of this action, including appeals or expiration of the time in which to appeal, and any period of monitoring subject to the Court's jurisdiction, each counsel of record, upon written request made within sixty (60) days of the date of final termination, shall within sixty (60) days of such request:  (a) destroy and certify in writing that

such destruction has occurred; or (b) assemble and return to the counsel of record, all material in their possession and control, embodying information designated "CONFIDENTIAL" including all copies thereof.

48.     If any party claims to have inadvertently disclosed privileged materials, the standards and procedures of Fed. R. Civ. P. 26(b)(5)(B) and Fed. R. Evid. 502 shall apply, which are incorporated herein by reference. Inadvertent production of any document produced in response to discovery requests in this action by any party or person, that such party or person later claims should have been withheld on grounds of a privilege (an "Inadvertently Produced Privileged Document"), including but not limited to the work product doctrine, will not be deemed to waive any privilege or work product protection either as to specific information in the Inadvertently Produced Privileged Document or as to any other information relating thereto or on the same or related subject matters. A party or person may request the return of any document that it inadvertently produced by identifying the Inadvertently Produced Privileged Document and stating the basis for withholding such document from production. If a party or person requests the return, pursuant to this paragraph, of such an Inadvertently Produced Privileged Document then in the custody of one or more parties, the possessing party(ies) shall within five (5) days return to the requesting party or person the Inadvertently Produced Privileged Document and all copies thereof and shall expunge from any other document or material information solely derived from the Inadvertently Produced Privileged Document. After a document is returned pursuant to this paragraph, a party may move the Court for an order compelling production of the document, but such party may not assert as a ground for entering such an order the fact or circumstances of the inadvertent production.

59. To the extent that any discovery requests are served on a non-party, the party serving the discovery shall, at the time of service, provide the non-party with a copy of this Agreement and identify the non-party's right to invoke the protections of this Agreement.

20. This Agreement will be enforced pursuant to in Rule 37(b) of the Federal Rules of Civil Procedure and such other sanctions as may be available to the Court. All other remedies available to any person(s) injured by a violation of this Agreement are fully reserved.

21. This Agreement may be modified only by written agreement of the parties, subject to approval by the Court, or by further Order of the Court upon good cause shown.

22. This Agreement shall survive the termination of the action and this Court shall retain continuing jurisdiction in order to enforce the terms of this Agreement.

**STIPULATED TO:**

*/s/ Keith E. Whitson*
Keith E. Whitson
Pa. I.D. No. 69656
**SCHNADER HARRISON SEGAL & LEWIS LLP**
2700 Fifth Avenue Place
120 Fifth Avenue
Pittsburgh, PA  15222
Telephone: (412) 577-5220
Facsimile: (412) 577-5190
kwhitson@schnader.com

*/s/ Alexandra Morgan-Kurtz*
Alexandra Morgan-Kurtz, Esq.
PA ID No. 312631
**Pennsylvania Institutional Law Project**
100 Fifth Ave, Ste 900
Pittsburgh, Pa 15222
Tel: (412) 434-6175
amorgan-kurtz@pailp.org

*/s/ Bret Grote*
Bret Grote, Esq.
PA ID No. 317273
*s/ Jaclyn Kurin*
Jaclyn Kurin
D.C. Bar ID No. 1600719
Pro Hac Vice Application To Be Filed
*/s/ Swain Uber*
Swain Uber, Esq.
PA I.D. No. 323477
*/s/ Quinn Cozzens*
Quinn Cozzens, Esq.
PA ID No. 323353
**Abolitionist Law Center**
P.O. Box 8654
Pittsburgh, PA  15221
Tel:  (412) 654-9070
bretgrote@abolitionistlawcenter.org
jkurin@alcenter.org
swain.uber@gmail.com
qcozzens@alcenter.org
*Counsel for Plaintiffs and Proposed Interim Class Counsel*

**11**

*s/ John A. Bacharach*
*s/ Dennis Biondo, Jr.*
Allegheny County Law Department
300 Fort Pitt Commons Building
445 Fort Pitt Blvd
Pittsburgh, PA  15219
(412) 350-1150
John.Bacharach@AlleghenyCounty.us
Dennis.BiondoJr@AlleghenyCounty.us

*Counsel for Defendants*

**APPROVED and ORDERED** this _____ day of _____, 2020.

**BY THE COURT:**

_____, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAQUILLE HOWARD, JAMES BYRD, JASON PORTER, KEISHA COHEN and ALBERT CASTAPHANY, on their own behalf and on behalf of all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　　　　　　v.<br><br>LAURA WILLIAMS, Chief Deputy Warden of Healthcare Services; ORLANDO HARPER, Warden of Allegheny County Jail; MICHAEL BARFIELD, Mental Health Director; ALLEGHENY COUNTY;<br><br>　　　　Defendants. | :<br>:<br>:  CIVIL ACTION  2:20-CV-01389<br>:<br>:  MAGISTRATE JUDGE LISA<br>:  PUPO LENIHAN<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**DECLARATION AND AGREEMENT TO BE BOUND BY STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER**

The undersigned hereby acknowledges that he/she has read the Agreement dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Western District of Pennsylvania in matters relating to the Agreement and understands that the terms of the Agreement obligate him/her to use materials designated as Confidential Material in accordance with the Agreement solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm or concern.

The undersigned acknowledges that violation of the Agreement may result in penalties for contempt of court.

Dated:_____    _____